**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE DYE,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-12-0111 |
| v. | : | (Judge Rambo) |
| **WARDEN B.A. BLEDSOE,** | : | |
| Respondent | : | |

## M E M O R A N D U M

Before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner George Dye ("Dye"), an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.  Dye is challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence.  For the reasons that follow, the petition will be denied.

### I.   Background

On April 1, 2005, Dye appeared in the Circuit Court of Greene County, Missouri, charged with violating the terms of his state probation originally imposed on June 4, 2004.  (Doc. 6 at 2; Doc. 6-1, Farr Decl., Ex. 1.)  As a result, Dye was sentenced to a term of imprisonment of twelve (12) years on the state probation violation and remanded to the custody of the Missouri Department of Corrections.  (Doc. 6 at 2; Doc. 6-1, Ex. 1.)  Missouri corrections officials awarded jail credit

toward Dye's state sentence from May 28, 2003 to May 29, 2003; June 9, 2004 to June 18, 2004; and April 1, 2005 to April 13, 2005. (Doc. 6 at 2; Doc. 6-1, Ex.1.)

On August 11, 2005, Dye was produced from primary state custody pursuant to a federal writ of habeas corpus *ad prosequendum* to the United States Marshals Service ("USMS"). (Doc. 6-1 at 10-11.) Dye remained in the secondary custody of federal authorities until November 8, 2006, when he was sentenced by the United States District Court for the Western District of Missouri to a term of imprisonment of 151 months for conspiracy to distribute 1,000 kilograms or more of marijuana, to run concurrently with the undischarged state sentence in Greene County, Missouri. (*Id*. at 16-21.) As such, Dye's federal sentence commenced on that date, November 8, 2006. Dye was subsequently returned to the primary custody of Missouri corrections officials on November 21, 2006. (Doc. 6-1 at 11.)

On March 21, 2008, Missouri corrections officials relinquished custody of Dye after paroling him from his state sentence. (*Id*.) On April 23, 2008, Dye was committed to BOP custody for service of his 151 month federal sentence. (*Id*. at 23.) The BOP did not award Dye credit toward his federal sentence for the period from August 2005 to November 2006 because that time had already been credited toward his Missouri state sentence. (*Id*.)

Dye filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 20, 2012. (Doc. 1.) On January 30, 2012, an order to show cause was issued, directing the Respondent to file an answer to the petition. (Doc. 4.) Respondent filed an answer on February 21, 2012. (Doc. 6.) Dye has not filed a reply brief, and thus, this matter is now ripe for disposition.

## II.  Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Dye has properly invoked Section 2241 to challenge the determination of sentencing credit by the BOP. *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331–32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96. Computation of a

federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further, a sentence under federal law cannot commence prior to the date it is imposed. *Id.*; *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998). Additionally, under 18 U.S.C. § 3584(a),

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*. *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622.

This is because the state, not the federal government, remains the primary custodian in those circumstances. The jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622.

"Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the instant petition, Dye seeks prior custody credit toward his federal sentence from August 11, 2005 to November 7, 2006 (the day prior to the date his federal sentence commenced running), or the time he spent in secondary custody of federal authorities under the writ of habeas corpus *ad prosequendum*. (Doc. 1 at 2.) However, this claim is without merit. As set forth in *Ruggiano*, "time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward [a] state sentence, not [a] federal sentence." *Ruggiano*, 307 F.3d at 125 n.1. Here, state authorities maintained primary custody of Dye while he was in the secondary custody of federal authorities. That time spent in secondary federal custody was credited toward his state sentence. Thus, under 28 U.S.C. § 3585(b), applicable to Dye's federal sentence, he was not entitled to receive this credit toward his federal sentence because that time was already credited against his state sentence. Thus, the BOP did not err in its calculation of Dye's federal sentence.

**III.    Conclusion**

For the reasons set forth herein, the court will deny Dye's petition for writ of habeas corpus.

An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  May 10, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE DYE,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-12-0111 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **WARDEN B.A. BLEDSOE,** | : | |
| | : | |
| Respondent | : | |

# O R D E R

**AND NOW**, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

                                           s/Sylvia H. Rambo
                                         United States District Judge

Dated: May 10, 2012.